UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF KENTUCKY

NORTHERN DIVISION (COVINGTON)

| | |
|---|---|
| EDWARD C. HUGLER, Acting Secretary )<br>of Labor, United States Department of Labor, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>BAPA FT. WRIGHT, INC., )<br>  *d/b/a* SUBWAY-FT. WRIGHT (WALMART) )<br>  and SUBWAY-FT. WRIGHT; )<br>S.H. SUBWAY-WARSAW, INC., )<br>  *d/b/a* SUBWAY-WARSAW; )<br>S.H. SUBWAY FLORENCE, INC., )<br>  *d/b/a* SUBWAY-FLORENCE; )<br>SHREE-HARI WOODLAND, INC., )<br>  *d/b/a* SUBWAY-INDEPENENCE; )<br>and )<br>MUKESH PATEL, )<br>  *a/k/a* MUKESH H. PATEL, INDIVIDUALLY, )<br>)<br>Defendants ) | Civil Action No. _____<br><br><br><br><br><br><br><br><br><br><br><br>**C O M P L A I N T**<br><br>**(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act"), 29 U.S.C. § 217, to have Defendants, BAPA Ft. Wright, Inc. *d/b/a* Subway-Ft. Wright (Walmart) and Subway-Ft. Wright; S.H. Subway Warsaw, Inc. *d/b/a* Subway-Warsaw; S.H. Subway-Florence, Inc. *d/b/a* Subway-Florence; Shree-Hari Woodland, Inc. *d/b/a* Subway-Independence; and Mukesh Patel, a/k/a Mukesh H. Patel, individually; (hereinafter "defendants") restrained from withholding unpaid minimum wage and overtime compensation due as the result of violations of §§ 6, 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), and, pursuant to § 16(c) of the Act,

29 U.S.C. § 216(c), to recover unpaid minimum wage and overtime compensation, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

A. Defendant BAPA Ft. Wright, Inc. is an active Kentucky corporation. Defendant BAPA Ft. Wright Inc. and Mukesh Patel own and operate Subway-Ft. Wright (Walmart), a Subway restaurant located and doing business at 3450 Valley Plaza Pkwy, Ft. Wright, Kentucky 41011, and Subway-Ft. Wright, a Subway restaurant located and doing business at 1990 Highland Pike, Ft. Wright, Kentucky 41011.

B. Defendant S.H. Subway-Warsaw, Inc. is an active Kentucky corporation. Defendants S.H. Subway-Warsaw, Inc. and Mukesh Patel own and operate Subway-Warsaw, a Subway restaurant located and doing business at 100 East Main Street, Warsaw, Kentucky 41095.

C. Defendant S.H. Subway Florence, Inc. is an active Kentucky corporation. Defendants S.H. Subway Florence, Inc. and Mukesh Patel own and operate Subway-Florence, a Subway restaurant located and doing business at 7848 U.S. 42 Hwy., Florence, Kentucky 41042.

D. Defendant Shree-Hari Woodland, Inc. is an active Kentucky corporation. Defendants Shree-Hari Woodland, Inc. and Mukesh Patel own and operate Subway-Independence, a Subway restaurant located and doing business at 420l Richardson Rd., Independence, Kentucky 41051.

E. Defendant Mukesh Patel, a/k/a Mukesh H. Patel, at all times hereinafter mentioned, has acted directly or indirectly in the interest of defendants BAPA Ft. Wright, Inc.,

S.H. Subway-Warsaw, Inc., Subway Florence, Inc., and Shree-Hari Woodland, Inc. in relation to its employees, and therefore, has been an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

  F. The defendants and the five Subway restaurants are located within the jurisdiction of this court and are subject to the statutory requirements of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. § 201 et seq.] (hereinafter referred to as the FLSA or the Act) and the related regulations.

  G. Each of the defendants, at all times herein mentioned, has been engaged in the production, processing, sale and shipment of goods, including food and beverage products.

III

  A. Each of the defendants, at all times hereinafter mentioned, has suffered or permitted to work the employees at each of the five Subway restaurants and therefore has been an employer within the meaning of Sections 3(d) and 3(g) of the FLSA [29 U.S.C. §§ 203(d) and 203(g)].

  B. Each of the defendants, at all times hereinafter mentioned, employed employees at each of the five Subway restaurants who regularly were engaged in the production, processing, sale, and shipment of goods which have been produced for shipment, delivery and sale in interstate commerce. Such employees, therefore, have been and are engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b) and 3(j), respectively, of the FLSA [29 U.S.C. §§ 203(b) and 203(j)].

IV

  At all times hereinafter mentioned:

A. Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r);

B. Such enterprise, employing employees in and about the place of business engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and

C. Such enterprise, having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

D. Therefore, during this period that the said employees were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and/or 3(s)(1) of the FLSA at the five Subway restaurants, the employees and the enterprise were subject to Sections 6 and 7 of the FLSA. 29 U.S.C. § 206, 29 U.S.C. § 207.

V

Since at least September of 2013, the defendants repeatedly and willfully violated the provisions of Sections 6 and 15(a)(2) of the FLSA [29 U.S.C. §§ 206 and 215(a)(2)] at each of the five Subway restaurants by failing to pay employees who are regularly engaged in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate. Said practices include, but are not limited to, the failure to pay any wages to employees for work performed at the restaurants.

VI

Since at least September of 2013, the defendants willfully and repeatedly violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VII

Since at least September of 2013, the defendants, subject to the provisions of the Act, willfully and repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516, by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by the Defendants, as prescribed in the aforesaid Regulations.

VIII

WHEREFORE, cause having been shown, plaintiff prays for a Judgment:

1. Permanently enjoining the defendants, their agents, servants, employees, and all persons in active concert or participation with them, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act [29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(3), and 215(a)(5)] and the implementing Regulations in accordance with Section 17 of the Act [29 U.S.C. § 217]; and

2. Restraining the defendants from the withholding of payment of wages found by the Court to be due employees who worked at the defendants' Subway restaurants under the FLSA (as named in "Exhibit A" attached hereto and made a part hereof and such other

employees as hereafter may be identified and named prior to or at trial), for a period of three years prior to January 26, 2016 to and until the date defendants establish that they are in compliance with the FLSA, in accordance with Section 17 of the Act [29 U.S.C. § 217]; and

   3. Awarding backwages and an additional amount of liquidated damages for the period of three years prior to January 26, 2016 to employees who worked at defendants' Subway restaurants (as named in "Exhibit A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial), to and until the date the defendants establish they are in compliance with the FLSA, in accordance with Section 16(c) of the Act, 29 U.S.C. § 216(c); and

   4. For an Order granting Plaintiff such other and further relief as may be necessary and appropriate including, but not limited to, interest on such backwages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid, and costs of this action.

           Respectfully submitted,

           NICHOLAS C. GEALE
           Acting Solicitor of Labor

           STANLEY E. KEEN
           Regional Solicitor

POST OFFICE ADDRESS:     THERESA BALL
           Associate Regional Solicitor

U. S. Department of Labor
Office of the Solicitor
618 Church Street        /s/ Schean G. Belton
Suite 230           SCHEAN G. BELTON
Nashville, Tennessee  37219-2440   Attorney

Telephone: (615) 781-5330, Ext. 245   U. S. Department of Labor
Fax No.:   (615) 781-5321      Attorneys for the Secretary of Labor
Belton.Schean@dol.gov
Nash.Fedcourt@dol.gov