Eastern District of Kentucky
F I L E D

NOV 0 1 2017

AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF KENTUCKY

NORTHERN DIVISION (COVINGTON)

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff<br><br>v.<br><br>BAPA FT. WRIGHT, INC.,<br>  *d/b/a* SUBWAY-FT. WRIGHT (WALMART) and SUBWAY-FT. WRIGHT;<br>S.H. SUBWAY-WARSAW, INC.,<br>  *d/b/a* SUBWAY-WARSAW;<br>S.H. SUBWAY FLORENCE, INC.,<br>  *d/b/a* SUBWAY-FLORENCE;<br>SHREE-HARI WOODLAND, INC.,<br>  *d/b/a* SUBWAY-INDEPENENCE;<br>and<br>MUKESH PATEL,<br>  *a/k/a* MUKESH H. PATEL, INDIVIDUALLY,<br><br>Defendants | Civil Case No. 2:17-CV-36-WOB-CJS |

## AGREED ORDER AND PERMANENT INJUCTION

This cause came on for consideration upon Plaintiff's and Defendants' BAPA Ft. Wright, Inc. *d/b/a* Subway-Ft. Wright (Walmart) and Subway-Ft. Wright; S.H. Subway Warsaw, Inc. *d/b/a* Subway-Warsaw; S.H. Subway-Florence, Inc. *d/b/a* Subway-Florence; Shree-Hari Woodland, Inc. *d/b/a* Subway-Independence; and Mukesh Patel, a/k/a Mukesh H. Patel, individually; (hereinafter "Defendants") joint motion and consent to the entry of this Agreed Order without further contest and without Defendants making any admission of unlawful

conduct. Consent to the entry of this Agreed Order was reached following negotiations between the parties regarding and in consideration of the merits of Plaintiff's claims and Defendants' defenses to the same, and review and analysis of the evidence related thereto. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants, its agents, servants, employees and all persons in active concert or participation with it who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

1. They shall not, contrary to sections 6 and 15(a)(2) of the Act [29 U.S.C. §§ 206 and 215(a)(2)], pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than the applicable minimum hourly rate prescribed by said 6 as now in effect or which hereafter may be made applicable by amendment thereto.

2. They shall not, contrary to sections 7 and 15(a) (2) of the Act [29 U.S.C. §§ 207 and 215 (a) (2)], employ any non-exempt employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a work week unless such employee is compensated for such hours over 40 in a work week at an overtime rate of at least one and one half times the regular rate at which such employee is employed or at such other rate as required by applicable law.

3. They shall not, contrary to sections 11(c) and 15(a)(5) of the Act [29 U.S.C. §§ 211(c) and 215(a)(5)], fail to make, keep and preserve adequate and accurate

employment records as prescribed by 29 C.F.R. § 516.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendants shall pay the gross amount of $104,901.24 in back wages, less all legally mandated deductions, including, but not limited to, taxes and each employee's share of F.I.C.A., to employees as set forth in Schedule "A" attached hereto. The Defendants shall also pay the additional amount of $65,098.76 in liquidated damages to the listed employees as set out in Schedule "A."

IT IS FURTHER ORDERED, that in order for Defendants to comply with the payment provisions of this Order, the Defendants shall do the following:

1. Upon execution of this agreement, Defendants shall pay $5000 assessed civil money penalties by cashier's or certified check made out to " Wage-Hour Labor" and delivered to the U.S. Department of Labor, Wage and Hour Division, Romano Mazzoli Federal Building, 600 Dr. Martin Luther King Jr. Place, Suite 352, Louisville, Kentucky 40202 with this signed agreement.

2. Upon execution of this agreement, Defendants shall deliver to the plaintiff at its office at Romano Mazzoli Federal Building, 600 Martine Luther King Jr. Place, Suite 352, Louisville, Kentucky 40202 separate cashier's or certified checks or money orders payable to "(name of employee) Or Wage and Hour Division—Labor" for each of the employees Chandrika Patel, Prajapati Jagdishbhai and Eva Hernandez. Each of these three checks shall be for the gross amount listed for them on Schedule A, Part I, less all legally mandated deductions, included taxes and employee's share of F.I.C.A where applicable.

3. Thereafter, the Defendants shall pay and distribute the balance of $122,500.00 representing the balance of back wages and liquidated damages, less all legally mandated deductions, including, but not limited to, taxes and each employee's share of F.I.C.A,

3

to the identified employees as identified on Schedule "A", Part II, in monthly installments over a period of 36 months beginning December 30, 2017 as follows:

| DUE ON OR BEFORE | | COMBINED MONTHLY AMOUNT DUE EMPLOYEES LISTED ON SCHEDULE A, PART II |
|---|---|---|
| Payment No. | Date Due | Amount Due |
| 1 | 12/30/2017 | $3,402.78 |
| 2 | 01/30/2018 | $3,402.78 |
| 3 | 02/28/2018 | $3,402.78 |
| 4 | 03/30/2018 | $3,402.78 |
| 5 | 04/30/2018 | $3,402.78 |
| 6 | 05/30/2018 | $3,402.78 |
| 7 | 06/30/2018 | $3,402.78 |
| 8 | 07/30/2018 | $3,402.78 |
| 9 | 08/30/2018 | $3,402.78 |
| 10 | 09/30/2018 | $3,402.78 |
| 11 | 10/30/2018 | $3,402.78 |
| 12 | 11/30/2018 | $3,402.78 |
| 13 | 12/30/2018 | $3,402.78 |
| 14 | 01/30/2019 | $3,402.78 |
| 15 | 02/28/2019 | $3,402.78 |
| 16 | 03/30/2019 | $3,402.78 |
| 17 | 04/30/2019 | $3,402.78 |
| 18 | 05/30/2019 | $3,402.78 |

4

| 19 | 06/30/2019 | $3,402.78 |
| 20 | 07/30/2019 | $3,402.78 |
| 21 | 08/30/2019 | $3,402.78 |
| 22 | 09/30/2019 | $3,402.78 |
| 23 | 10/30/2019 | $3,402.78 |
| 24 | 11/30/2019 | $3,402.78 |
| 25 | 12/30/2019 | $3,402.78 |
| 26 | 01/30/2020 | $3,402.78 |
| 27 | 02/28/2020 | $3,402.78 |
| 28 | 03/30/2020 | $3,402.78 |
| 29 | 04/30/2020 | $3,402.78 |
| 30 | 05/30/2020 | $3,402.78 |
| 31 | 06/30/2020 | $3,402.78 |
| 32 | 07/30/2020 | $3,402.78 |
| 33 | 08/30/2020 | $3,402.78 |
| 34 | 09/30/2020 | $3,402.78 |
| 35 | 10/30/2020 | $3,402.78 |
| 36 | 11/30/2020 | $3,402.70 |
| Totals: | | $122,500.00 |

The Defendants shall endeavor to locate current and former identified employees and distribute payments as expeditiously as possible. The Defendants shall deliver checks, including copies of Form WH-58 and instructions regarding signing a copy of Form WH-58 and returning it to Defendants, to all identified employees who have been located through a single mailing, per

installment, to each identified employee's last known address.

4. Within 30 days after making such payments, the Defendants will provide the Plaintiff proof of such payments in the form of Forms WH-58 signed by each individual to whom said amounts have been paid. In the event an individual is paid but does not return the requested Form WH-58, his/her cancelled check (both sides copied) will serve as proof of payment and serve, for all purposes, as a signed Form WH-58.

5. Within 90 days after making such payments, the Defendants shall provide the Plaintiff a list of all returned and non-cashed checks and/or identified employees without a last known address. Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, Louisville, Kentucky certified or cashier's checks or money orders made payable to "Name of Individual Employee" or "Wage and Hour Division – Labor" for the amount due to each such unlocated, identified employee after deductions for income tax and the employee's share of F.I.C.A.

6. The Defendants shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wage payments made hereunder. The Defendants also shall provide the Plaintiff's attorneys with the employer I.D. number and a schedule showing the last-known address, social security number, gross payment amount, deductions, and net payment amount as to each employee.

7. The Plaintiff, thereupon, shall distribute the payments to the named employees who have not been located by the Defendants, or to their personal representatives, and any amounts not so distributed by Plaintiff within the period of three (3) years after the date of this Agreed Order, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as

miscellaneous receipts. It is,

FURTHER ORDERED that in the event of default by Defendants in the payment of any of the installments as listed in Schedule "A," the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full. "Default" will have occurred when the Defendants fails to post in the United States mail or otherwise deliver to Plaintiff the monthly installment beginning 12/30/2017, and continuing the 30th day of each month thereafter until paid in full, but no more than three (3) days past any due date listed herein. It is,

FURTHER ORDERED that each Defendant conduct two (2) certified audits of each Subway restaurant. Each audit must be performed by an independent third party and must be completed during the period of repayment. The first audit and accompanying written report shall be provided to the Plaintiff within six months of the execution of this order but no later than May 30, 2018. In each certified audit and report, the auditor must include written verification that a determination has been made as to whether the employees who work in the restaurants are being compensated, and have been compensated, as required by the Fair Labor Standards during the period of the audit. The certified auditor's report shall examine a period of no less than nine (9) months immediately preceding the audit. The second certified audit shall be conducted and submitted to the Plaintiff in the same manner on before December 30, 2019 if and only if there remains a balance of back wages due employee to any employee listed on Schedule A, Part II as of November 30, 2019. It is,

FURTHER ORDERED that the Defendants shall not directly or indirectly solicit or accept the return or refusal of any sum paid under this Agreed Order. Nor shall the

7

Defendants retaliate against any employee for any action taken by any employee in connection with the investigation or resolution of the claims asserted in this action, or for asserting any rights under this Agreed Order. It is

FURTHER ORDERED that each party shall bear its own attorney's fees and costs including, but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This Agreed Order constitutes the entire agreement of the parties with respect to the claims in this action, and there are no covenants, terms or conditions, express or implied, other than as set forth or referred to herein. Notwithstanding the foregoing, the Order shall not be deemed to constitute a finding of liability or wrongdoing on the part of Defendants or the merits of the parties' claims or defenses. No party has made any representation, oral or written, modifying or contradicting the terms of this Agreed Order.

Ordered and agreed this _1st_ day of _November_, 2017.

_William C. Bertelsman_
UNITED STATES DISTRICT JUDGE

The parties consent to entry of the foregoing Agreed Order:

Respectfully submitted,

NICHOLAS C. GEALE
Acting Solicitor of Labor

STANLEY KEEN
Regional Solicitor

MUKESH H. PATEL
*Defendants*

THERESA BALL
Associate Regional Solicitor

KEVIN F. HOSKINS
KATHLEEN C. TRANTER

SCHEAN G. BELTON

Dressman Benzinger LaVelle PSC
221 East Fourth Street
Atrium Two, Suite 45202
Cincinnati, Ohio 45202
*Attorneys for the Defendants*

Office of the Solicitor
618 Church Street
Suite 230
Nashville, Tennessee 37219
*Attorneys for the Plaintiff*

Phone: 513/241-4110
khoskins@dbllaw.com
ktranter@dbllaw.com

Phone: 615/781-5330, Ext. 245
belton.schean@dol.gov
nash.fedcourt@dol.gov

## "SCHEDULE A" TO AGREED ORDER AND PERMANENT INJUNCTION
## CIVIL ACTION CASE NO. 2:17-CV-36 WOB CJS

| Employee Name | Backwages Due | Liquidated Damages Due | Total | Paid |
|---|---|---|---|---|
| **Part I** | | | | |
| Chandrika Patel | $16,698.40 | $10,362.55 | $27,060.95 | |
| Prajapati Jagdishbhai | $11,598.73 | $7,197.95 | $18,796.68 | |
| Eva Hernandez | $701.44 | $940.93 | $1,642.37 | |
| **Total Due Upon Execution of Agreement** | | | **$47,500.00** | 10/31/2017 |
| | | | | |
| **Part II** | | | | |
| **Due Date 12/30/2017** | | | | |
| Eva Hernandez | $814.81 | | $814.81 | |
| Ken Kasee | $119.63 | $74.23 | $193.86 | |
| Kelly Carter | $206.19 | $127.95 | $334.14 | |
| Carla McArter | $1,015.55 | $630.21 | $1,645.76 | |
| Greg Pearson | $25.50 | $15.81 | $41.31 | |
| John Rotte | | $372.90 | $372.90 | |
| **Total Due 12/30/2017** | | | **$3,402.78** | |
| | | | | |
| **Due Date 1/30/2018** | | | | |
| John Rotte | $2,196.60 | $1,206.18 | $3,402.78 | |
| **Total Due 1/30/2018** | | | **$3,402.78** | |
| | | | | |
| **Due Date 2/28/2018** | | | | |
| John Rotte | $347.97 | | $347.97 | |
| Sonal Patel | | $3,054.81 | $3,054.81 | |
| **Total Due 2/28/2018** | | | **$3,402.78** | |
| | | | | |
| **Due Date 3/30/2018** | | | | |
| Sonal Patel | | $3,402.78 | $3,402.78 | |
| **Total Due 3/30/2018** | | | **$3,402.78** | |
| | | | | |
| **Due Date 4/30/2018** | | | | |
| Sonal Patel | $1,424.77 | $1,978.01 | $3,402.78 | |
| **Total Due 4/30/2018** | | | **$3,402.78** | |
| | | | | |
| **Due Date 5/30/2018** | | | | |
| Sonal Patel | $3,402.78 | | $3,402.78 | |
| **Total Due 5/30/2018** | | | **$3,402.78** | |
| | | | | |
| **Due Date 6/30/2018** | | | | |
| Sonal Patel | $3,402.78 | | $3,402.78 | |
| **Total Due 6/30/2018** | | | **$3,402.78** | |
| | | | | |
| **Due Date 7/30/2018** | | | | |
| Sonal Patel | $3,402.78 | | $3,402.78 | |
| **Total Due 7/30/2018** | | | **$3,402.78** | |

| Employee Name | Backwages Due | Liquidated Damages Due | Total | Paid |
|---|---|---|---|---|
| **Due Date 8/30/2018** | | | | |
| Sonal Patel | $1,960.18 | | $1,960.18 | |
| Kalpesh Patel | $1,442.60 | | $1,442.60 | |
| **Total Due 8/30/2018** | | | **$3,402.78** | |
| | | | | |
| **Due Date 9/30/2018** | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| **Total Due 9/30/2018** | | | **$3,402.78** | |
| | | | | |
| **Due Date 10/30/2018** | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| **Total Due 10/30/2018** | | | **$3,402.78** | |
| | | | | |
| **Due Date 11/30/2018** | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| **Total Due 11/30/2018** | | | **$3,402.78** | |
| | | | | |
| **Due Date 12/30/2018** | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| **Total Due 12/30/2018** | | | **$3,402.78** | |
| | | | | |
| **Due Date 1/30/2019** | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| **Total Due 1/30/2019** | | | **$3,402.78** | |
| | | | | |
| **Due Date 2/28/2019** | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| **Total Due 2/28/2019** | | | **$3,402.78** | |
| | | | | |
| **Due Date 3/30/2019** | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| **Total Due 3/30/2019** | | | **$3,402.78** | |
| | | | | |
| **Due Date 4/30/2019** | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| **Total Due 4/30/2019** | | | **$3,402.78** | |
| | | | | |
| **Due Date 5/30/2019** | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| **Total Due 5/30/2019** | | | **$3,402.78** | |
| | | | | |
| **Due Date 6/30/2019** | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| **Total Due 6/30/2019** | | | **$3,402.78** | |
| | | | | |
| **Due Date 7/30/2019** | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| **Total Due 7/30/2019** | | | **$3,402.78** | |

| Employee Name | Backwages Due | Liquidated Damages Due | Total | Paid |
|---|---|---|---|---|
| Due Date 8/30/2019 | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| Total Due 8/30/2019 | | | **$3,402.78** | |
| | | | | |
| Due Date 9/30/2019 | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| Total Due 9/30/2019 | | | **$3,402.78** | |
| | | | | |
| Due Date 10/30/2019 | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| Total Due 10/30/2019 | | | **$3,402.78** | |
| | | | | |
| Due Date 11/30/2019 | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| Total Due 11/30/2019 | | | **$3,402.78** | |
| | | | | |
| Due Date 12/30/2019 | | | | |
| Kalpesh Patel | $2,090.75 | $1,312.03 | $3,402.78 | |
| Total Due 12/30/2019 | | | **$3,402.78** | |
| | | | | |
| Due Date 1/30/2020 | | | | |
| Kalpesh Patel | $1,047.28 | $1,312.03 | $2,359.31 | |
| Manju Patel | $1,043.47 | | $1,043.47 | |
| Total Due 1/30/2020 | | | **$3,402.78** | |
| | | | | |
| Due Date 2/29/2020 | | | | |
| Manju Patel | $1,701.39 | $1,701.39 | $3,402.78 | |
| Total Due 2/29/2020 | | | **$3,402.78** | |
| | | | | |
| Due Date 3/30/2020 | | | | |
| Manju Patel | $1,701.39 | $1,701.39 | $3,402.78 | |
| Total Due 3/30/2020 | | | **$3,402.78** | |
| | | | | |
| Due Date 4/30/2020 | | | | |
| Manju Patel | $1,701.39 | $1,701.39 | $3,402.78 | |
| Total Due 4/30/2020 | | | **$3,402.78** | |
| | | | | |
| Due Date 5/30/2020 | | | | |
| Manju Patel | $1,701.39 | $1,701.39 | $3,402.78 | |
| Total Due 5/30/2020 | | | **$3,402.78** | |
| | | | | |
| Due Date 6/30/2020 | | | | |
| Manju Patel | $1,701.39 | $1,701.39 | $3,402.78 | |
| Total Due 6/30/2020 | | | **$3,402.78** | |
| | | | | |
| Due Date 7/30/2020 | | | | |
| Manju Patel | $1,701.39 | $1,701.39 | $3,402.78 | |
| Total Due 7/30/2020 | | | **$3,402.78** | |

| Employee Name | Backwages Due | Liquidated Damages Due | Total | Paid |
|---|---|---|---|---|
| Due Date 8/30/2020 | | | | |
| Manju Patel | $1,701.39 | $1,701.39 | $3,402.78 | |
| Total Due 8/30/2020 | | | $3,402.78 | |
| | | | | |
| Due Date 9/30/2020 | | | | |
| Manju Patel | $1,882.57 | $1,520.21 | $3,402.78 | |
| Total Due 9/30/2020 | | | $3,402.78 | |
| | | | | |
| Due Date 10/30/2020 | | | | |
| Manju Patel | $3,402.78 | | $3,402.78 | |
| Total Due 10/30/2020 | | | $3,402.78 | |
| | | | | |
| Due Date 11/30/2020 | | | | |
| Manju Patel | $3,402.70 | | $3,402.70 | |
| Total Due 11/30/2020 | | | $3,402.70 | |
| | | | | |
| | $104,901.24 | $65,098.76 | $170,000.00 | |